NO. 07-05-0387-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 15, 2006
_____

DOUGLAS D. COX,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409,333; HON. JIM BOB DARNELL, PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Douglas D. Cox appeals his conviction for theft from a person 65 or over, enhanced. The clerk's record was filed on January 11, 2006. The reporter's record was due on January 26, 2006. On January 30, 2006, court reporter Charles Hanshew filed a request for extension, which the trial court granted to February 15, 2006 for his portion of the record. Hanshew also notified this Court that two other reporters, Teri Finney and Linda Reeves, did the majority of the trial. On February 3, 2006, reporters Finney and Reeves

were notified by letter that their records were due and they were to complete and return the status form no later than Monday, February 13, 2006. No form, extension motion, or record has been received by either reporter.

Accordingly, we abate this appeal and remand the cause to the 140th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. why Finney and Reeves have not filed their portions of the reporter's record; and,

2. when the reporter's record can reasonably be filed in a manner that does not have the practical effect of depriving the appellant of his right to appeal or of delaying the resolution of this appeal.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record and reporter's record transcribing the hearing with the clerk of this court on or before March 17, 2006. Should further time be needed by the trial court to perform these tasks, then same must be requested before March 17, 2006.

It is so ordered.

Per Curiam

Do not publish.

2